IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST David A. LENON, Attorney at Law.

Supreme Court

*No. 83–189–D. Filed July 1, 1983.*
(Also reported in 335 N.W.2d 627.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked by consent.*

On February 2, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint alleging that David A. Lenon, an attorney licensed to practice law in Wisconsin in 1974 and who practices in Lake Geneva, was guilty of unprofessional conduct. The Board alleged that, while the respondent's license to practice law was suspended by the court for unprofessional conduct, he failed to notify a client of the suspension or of his inability to represent her in a divorce proceeding but instead told her that he had to be hospitalized and obtained another attorney to appear on her behalf in the proceeding. The respondent subsequently sent a letter to the Board stating that he had notified by certified mail

all of his clients with matters pending that he was unable to represent them during the period of his suspension. He made the same statement in his affidavit attached to his petition for reinstatement of his license, which was filed on April 1, 1982. The Board alleged that the respondent's failure to comply with the terms of his suspension violated SCR 22.26(1), that his misrepresentation to the client as to the reason for his inability to represent her violated SCR 20.04(4), and that his filing of a false affidavit in his petition for reinstatement violated SCR 22.28(3).

The complaint also alleged that the judgment in the divorce proceeding restored to his client her maiden name, but the name was misspelled in the judgment. When the client informed the respondent of the error, he agreed to correct it, but he did not do so, despite the fact that he had been paid in full for his services to the client and despite numerous telephone calls and letters from her requesting that he do so. The Board alleged that such conduct constituted neglect of a legal matter, in violation of SCR 20.32(3). In addition, the Board alleged that the respondent did not answer several Board inquiries concerning the grievance brought to its attention by the client, in violation of SCR 22.07(2).

The Board's complaint also alleged that in 1981 the respondent was retained to and did collect a past due mortgage payment of $5,700 on behalf of his clients. The money was received on October 16, 1981, but the respondent did not send the check for the proceeds to the clients until July 8, 1982, and then only after several letters and telephone calls from the clients demanding payment and a threat by one of them to file a complaint with the Board. It was alleged that such conduct violated SCR 20.50(2)(d). It was also alleged that the respondent misappropriated and diverted this money for his own purposes, in violation of SCR 20.50(1), and that the re-

spondent failed to cooperate with the Board's investigation of the grievance by failing to claim a certified letter sent to him from the Board, in violation of SCR 22.07 (2).

We referred the matter to the Honorable John A. Fiorenza, Reserve Judge, as referee, pursuant to SCR 21.09 (4). When the respondent did not timely file an answer to the complaint, the Board moved for default judgment. The respondent did not appear at the hearing on that motion, and an order for default judgment was signed by the referee on March 22, 1983. The Board subsequently moved to extend the stay of entry of the judgment, which motion was granted, and a voluntary petition for the revocation of the respondent's license to practice law was filed, pursuant to SCR 21.10, on March 28, 1983.

In that petition the respondent admitted to the allegations of the complaint and to having violated the disciplinary rules cited therein, stating that he could not successfully defend the charges made against him. He also admitted to the following other grievances against him, which the Board had been investigating: that he failed to appear at a hearing on a motion to dismiss and failed to notify his client that he would not represent him at that hearing, in violation of SCR 20.32(3), and improperly withdrew from representation of that client without obtaining court permission or taking reasonable steps to avoid foreseeable prejudice to his client's rights, in violation of SCR 20.16(1) (a) and (b) ; that he failed to appear as requested before the local professional responsibility committee, failed to notify the committe that he could not appear and failed to produce documents requested by that committee, all in violation of SCR 22.07 (3) ; that in the probate of an estate, he purchased the estate's interest in a land contract, thereby entering into a business transaction with a client in which he had differing interests from those of his client and in which his client expected him to exercise independent professional

judgment, all without full disclosure to or consent of the client, in violation of SCR 20.27 (1), and that he fraudulently misrepresented to the personal representative the value of the estate's interest in the land contract and purchased that interest for less than its full market value, in violation of SCR 20.04 (4) ; that he neglected the probate of that estate by failing to timely file federal estate tax and Wisconsin inheritance tax returns, in violation of SCR 20.32 (3) ; that he withdrew funds that had been paid to the estate in the approximate amount of $2,000 from his trust account without his client's authorization and converted those funds to his own use, in violation of SCR 20.50. The respondent stated that he could not successfully defend against these allegations of unprofessional conduct.

In his petition for voluntary revocation of his license, the respondent represented that from and after March 17, 1983, he has not undertaken legal representation of any new clients or any new matters on behalf of existing clients, and he further agreed not to take on new clients or new legal matters for existing clients until such time as his license to practice law is reinstated. He also stated that all of his files involving pending litigation will be completed or transferred to other counsel on or before May 30, 1983, and he stated his belief that he will be able to wind up his existing practice and transfer all his pending files to other counsel by September 1, 1983. He agreed to pay the costs of this disciplinary proceeding and asked that his license to practice law be revoked effective September 1, 1983.

The referee filed his report and recommendation with the court on May 10, 1983, in which he recommended that the petition for voluntary revocation of the respondent's license be accepted and that the respondent be allowed to wind up his practice in the manner set forth in the petition. Because there were no reasons given for extending

the effective date of an order accepting the voluntary revocation of the respondent's license to practice law, we, by order of May 24, 1983, requested briefs from the parties on the question of delaying the effective date of the revocation. The Board filed a brief; the respondent did not.

The Board takes the position that the court should not accept the petition for voluntary revocation and, at the same time, reject the condition on which that voluntary surrender was based. The Board argues that the petition was obtained as a result of negotiations with the respondent during the course of a disciplinary proceeding and that it was expressly conditioned on his being allowed a specified period of time to complete pending legal matters. This the Board sees as constituting an agreement between it and the respondent, and it argues that such agreement should be accepted as an integral part of the petition. The Board points out that the voluntary revocation avoids delays and additional costs of litigation and that it will result in the termination of the respondent's practice at a much earlier time than would have been the case had the disciplinary matter been contested and litigated. The Board believes that the conditions contained in the petition provide for adequate protection of the public and states that during the time between the filing of the petition and the filing of the brief, the Board has been permitted substantial supervisory authority to ensure that the respondent complies with those provisions.

We agree with the Board that a reasonable period of time for the winding up of practice is the proper subject of agreement between the Board and an attorney alleged to have engaged in unprofessional conduct, and we will accept such conditions on petitions for voluntary revocation, provided it has been satisfactorily established that the interests of the public will be protected during the time between our order of revocation and its effective

date. Consequently, we hereby accept the recommendation of the referee in this matter.

IT IS ORDERED that the license of David A. Lenon to practice law in Wisconsin is revoked, effective September 1, 1983.

IT IS FURTHER ORDERED that, within 60 days of the date of this order, David A. Lenon pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,205.20.